IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 97-10919
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE WAYNE HAMMONDS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-3309-P

May 5, 1999

Before GARWOOD, JOLLY and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Lee Wayne Hammonds, federal inmate #24278-077, appeals the
district court's denial of his motion to vacate, set aside, or
correct sentence pursuant to 28 U.S.C. § 2255. Hammonds contends
that the trial evidence was insufficient to support his conviction
for using and carrying a firearm during a drug-trafficking crime,
in violation of 18 U.S.C. § 924(c)(1), in light of the Supreme
Court's subsequent decision in *Bailey v. United States*, 516 U.S.

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

137 (1995). Hammonds also contends that the district court's instructions to the jury on the section 924(c)(1) charge were erroneous in light of *Bailey*. A judge of this Court granted a certificate of appealability limited to those two issues.

The trial evidence, including Hammonds' testimony, was sufficient to convict Hammonds of "use" of a firearm. *See Bailey*, 516 U.S. at 148 ("use" includes a display of weapons; and, "the silent but obvious and forceful presence of a gun on a table can be a 'use'"); *see United States v. Wainuskis*, 138 F.3d 183, 188 & n.18 (5th Cir. 1998) (open display of weapon on stool within arm's reach satisfies the *Bailey* "use" requirement under section 924(c)(1)).

Because Hammonds did not challenge the jury instructions at trial or on direct appeal, to be entitled to section 2255 relief he must show that the erroneous jury instruction "probably resulted in the conviction of one who is actually innocent" to overcome the procedural bar. *United States v. Sorrells*, 145 F.3d 744, 750 (5th Cir. 1998) (citation and internal quotations omitted). Hammonds cannot demonstrate actual innocence because there is sufficient evidence that his conduct constituted "use" of a firearm under *Bailey*, and Hammonds has not shown it to be probable that had a *Bailey* consistent "use" instruction been given no reasonable juror would have convicted. *See Sorrells* at 750, 741, 754-55.[1]

---

[1]While the instruction on "use" was not as complete as would be desirable, it is not clear that it was inconsistent with *Bailey*. The jury was *not* instructed that "mere possession" of a firearm was sufficient; and, the jury *was* instructed that it had to find that "the firearm played a role in or facilitated the commission of a drug offense, . . . that the firearm was an integral part of the drug offense charged." *See United States v. Logan*, 135 F.3d 353,

The district court correctly determined that Hammonds was not entitled to section 2255 relief.

AFFIRMED

---

355-56 (5th Cir. 1998) (the instructions in *Logan,* however, unlike those here, *expressly* told the jury that "mere possession of the firearm was not enough." *Id*. at 356). We need not (and do not) decide whether the "use" instruction given met minimum *Bailey* standards because Hammonds has not shown it probable that but for such putative deficiency no reasonable juror would have convicted.